SC

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>v.<br><br>Scott A. Maasen,<br><br>            Defendant/Movant. | No.  CV 19-05736-PHX-DGC (MHB)<br><br>CR 16-01357-PHX-DGC<br><br>**ORDER** |

Movant Scott A. Maasen, who is now at a residential re-entry center in Phoenix, filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] Movant also filed a Memorandum (Doc. 2) and a Statement of Facts (Doc. 3). Movant later filed "Petitioner's Supplement to 2255 Motion and Supporting Memorandum of Points and Authorities and Application to Construe it as a Petition for Writ of Error Coram Nobis" (Doc. 6) and a motion to allow electronic filing by a party without an attorney (Doc. 7). Petitioner subsequently filed a motion for status (Doc. 9), which will be granted to the extent set forth herein.

The Court will grant Movant's request to supplement his § 2255 Motion and to construe his § 2255 motion as a petition for writ of error coram nobis. The Court will also grant the motion to allow electronic filing. The Court will order Respondents to answer the Petition.

. . . .

---

[1] Movant remains subject to the terms of supervised release.

**TERMPSREF**

## I. Motion to Allow Electronic Filing

Movant asks to be granted leave to electronically file documents. The Electronic Case Filing Administrative Policies and Procedures Manual provides in relevant part as follows:

> A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies referred to in the ECF Administrative Policies and Procedures Manual. If granted leave to electronically file, the pro se party must register as a user with the Clerk's Office and as a subscriber to PACER within five (5) days.

*See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf, Jan. 2020 (last accessed Mar. 27, 2020). Movant has filed a motion using the form motion provided under the Electronic Case Filing Administrative Policies and Procedures Manual and indicates that he has the equipment and ability to comply with requirements for a pro se individual to be granted such leave. This motion will be granted.

## II. Background

Pursuant to a plea agreement, Movant pleaded guilty to concealment of assets in bankruptcy, in violation of 18 U.S.C. § 1521(1). The plea agreement provided that Movant

> specifically agrees to pay full restitution, *regardless of the resulting loss* amount but in no event more than $1,392,000 to the United States Small Business Administration and to all victims directly or proximately harmed by the [Movant's] 'relevant conduct,' including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. *The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement*.

(Crim. Doc. 126 at 3) (emphases added).[2] The plea agreement provided that the government would recommend a reduction in the applicable Sentencing Guidelines offense

---

[2] The plea agreement also stated that, "[a]ccording to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant

level for acceptance of responsibility, would recommend the low end of the applicable sentencing range, and, if a split sentence was available, would further recommend that a split sentence be imposed.  The government also agreed to dismiss eleven other counts against Movant.

As part of Movant's plea agreement, Movant made the following waiver:

> The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c).  **This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case**.  This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015).

(*Id.* at 6) (emphasis added).  Movant indicated in the plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered the plea voluntarily.  (*Id.* at 10-12.)

On November 13, 2018, the Court sentenced Movant to an 18-month term of imprisonment followed by three years on supervised release.  On December 3, 2018, the Court entered an amended judgment setting restitution of $1,392,000.00 to be paid to the United States Small Business Association (SBA).  (Crim. Doc. 129.)

**III.   Relief Under § 2255**

In the § 2255 Motion, Movant alleges a violation of his Sixth Amendment right to

---

to: (1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate[.]" (Crim. Doc. 83 at 2.)  Section 3663(a)(3) provides that the Court may also order restitution in any criminal case to the extent agreed to by the parties in the plea agreement.

the effective assistance of counsel at sentencing with respect to the "Restitution Order entered by Amended Judgment of Conviction" on December 3, 2018. He contends that there is a reasonable probability that "had competent counsel informed the court of the proper standard to apply in determining 'actual loss' for restitution purposes and presented readily available bankruptcy authority and evidence on that issue after reasonable inquiry and investigation, the result would have been different." (Doc. 2 at 2.) Movant contends that his attorney should have objected when the Court "erred by using the 'intended loss' calculation suggested in the Pre-Sentence Report and the Prosecution's Sentencing Memorandums of $1,392,000.00 for ENHANCEMENT PURPOSES (emphasis added) as the appropriate method for determining the 'actual loss'" of the SBA for restitution purposes. (*Id.*) Movant contends that the SBA loss should have been calculated "'based on the difference between what [the SBA] would have received if Petitioner had acted lawfully and disclosed all of his assets and the amount they actually received." *Id.* at 3. (citing *United States v. Feldman*, 338 F.3d 212, 221 (3d Cir. 2003)[3]; *United States v. Bussell*, 504 F.3d 956, 964 (9th Cir. 2007)). Movant contends that after informing the Court of the *Feldman/Bussell* test, his attorney should have presented substantial probative evidence in his possession to rebut the SBA claim that "any of the alleged related conduct was related to the crime of conviction or that it directly and proximately caused any actual loss to the SBA. (*Id.*)

A motion to vacate cannot be used to challenge a restitution order. *See United States v. Thiele*, 314 F3d 399, 401-402 (9th Cir. 2002) (clarifying *United States v. Kramer*, 195

---

[3] In *Feldman*, the defendant filed a bankruptcy in which he "vastly understated the amount of property he owned. Defendant pleaded guilty and was sentenced to 15 months in prison and ordered to pay restitution. Defendant argued that there was little, if any, actual loss because the omitted properties, if reported, would have been exempt in the bankruptcy under Pennsylvania law. The Third Circuit reversed and remanded a portion of the district court's judgment, stating that

> In our view, the loss of an exemption *during a bankruptcy proceeding* does not impact upon the determination of actual loss (for restitution or sentencing purposes) since the bankruptcy court, unlike the District Court here, is not calculating the harm caused by the defendant's crime.

338 F.3d at 215. It upheld the district court's determination of the loss intended for purposes of sentencing. *Id.* at 216.

F.3d 1129 (9th Cir. 1999)). Because Movant cannot obtain relief under § 2255, the Court considers whether the § 2255 Motion, as supplemented, should be construed as petition for writ of error coram nobis.[4]

**IV.    Motion to Construe § 2255 Motion as Petition for Writ of Error Coram Nobis**

Movant asks the Court to treat his § 2255 Motion as a Petition for Writ of Error Coram Nobis asserting that he received ineffective assistance of counsel (IAC) in connection with the restitution ordered by the Court. To obtain coram nobis relief, a petitioner must establish that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) (citing *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)). "Because these requirements are conjunctive, failure to meet any one of them is fatal." *Id.* The Ninth Circuit Court of Appeals has explained the scope and nature of the federal writ of error coram nobis:

> The writ of error coram nobis affords a remedy to attack an unconstitutional or unlawful conviction in cases when the petitioner already has fully served a sentence. The petition fills a very precise gap in federal criminal procedure. A convicted defendant in federal custody may petition to have a sentence or conviction vacated, set aside or corrected under the federal habeas corpus statute, 28 U.S.C. § 2255.

*Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994).

---

[4] Nor can Movant challenge a restitution order under 28 U.S.C. § 2241. *See Fontanez v. O'Brien*, 807 F.3d 84 (4th Cir. 2015) (distinguishing a § 2241 petition challenging the validity of a restitution order, which is not cognizable under § 2241, from a challenge to the execution of the restitution portion of the sentence, which is cognizable under § 2241); *Arnaiz v. Warden, Federal Satellite Low*, 594 F.3d 1326, 1330 (11th Cir. 2010) (per curiam) (petitioner cannot collaterally attack the restitution part of his federal sentence in § 2241 habeas petition); *Campbell v. United States*, 330 Fed. App'x 482, 483 (5th Cir. 2009) (per curiam) (restitution order not challengeable in a § 2241 petition); *Satterfield v. Scibana*, 275 Fed. App'x 808, 810 (10th Cir. 2008) ("A § 2241 motion cannot challenge [petitioner's] restitution order any more than a § 2255 motion can.").

IAC in connection with imposition of restitution, if established, can constitute error of the most fundamental character for coram nobis relief. *See Nimkie v. U.S.*, No. 12cv00350, 2012 WL 5590111, at *5-6, 110 AFTR 2d 2012-6672 (D. Haw. Nov. 15, 2012) (denying leave to amend § 2255 motion to assert coram nobis claim where petitioner pleaded guilty in return for very specific benefits, and where he attacked only restitution that he knowingly agreed to pay, rendering his IAC claim meritless). Movant seeks to challenge the restitution based upon alleged IAC, which is excepted from the waiver provisions of the plea agreement. Accordingly, the Court will grant the motion of Movant, hereafter, "Petitioner," to treat his § 2255 Motion as a petition for writ of error coram nobis. The Court will also grant the motion to supplement, and will require the government to respond to the Petition as supplemented.

## V. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document that Movant files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

TERMPSREF

- 6 -

**IT IS ORDERED:**

(1) "Petitioner's Supplement to 2255 Motion and Supporting Memorandum of Points and Authorities and Application to Construe it as a Petition for Writ of Error Coram Nobis" (Doc. 6) is **granted** and Scott A. Maasen is hereafter designated "Petitioner."

(2) Petitioner's motion to allow electronic filing by a party without an attorney (Doc. 7) is **granted**.

(3) Petitioner's motion for status (Doc. 9) is **granted** to the extent discussed herein.

(4) The Clerk of Court must serve a copy of the coram nobis petition (Doc. 6 in CV 19-05736-PHX-DGC (MHB)) and this Order on the United States Attorney for the District of Arizona.

(5) The parties and the Clerk of Court **must file** all documents related to the coram nobis Petition in the **civil case**.

(6) The United States Attorney for the District of Arizona or his designee has **60 days** from the date of service within which to answer the coram nobis Petition. The United States Attorney or his designee must not file a dispositive motion in place of an answer. The United States Attorney or his designee may file an answer that (a) is limited to relevant affirmative defenses, including, but not limited to, statute of limitations, procedural bar, or non-retroactivity; (b) raises affirmative defenses as to some claims and discusses the merits of others; or (c) discusses the merits of all claims. The failure to set forth an affirmative defense regarding a claim in an answer may be treated as a waiver of the defense as to that claim, *Day v. McDonough*, 547 U.S. 198, 209-11 (2006), but an answer that is limited to affirmative defenses on a particular claim does not waive any argument on the merits as to that claim. If the answer only raises affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. If not, the answer must fully comply with all the requirements of Rule 5 of the Rules Governing Section 2255 Cases.

(7) Regarding courtesy copies of documents for chambers, the United States Attorney or his designee is directed to review Section II(D) of the Court's Electronic Case

Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, **shall be printed directly from CM/ECF**."  CM/ECF Admin. Man. § II(D)(3) (emphasis added).  *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

(8) Petitioner may file a reply within **30 days** from the date of service of the answer to the Petition.

(9) The matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 9th day of June, 2020.

_David G. Campbell_
David G. Campbell
Senior United States District Judge